Filed 8/14/25  Medina v. Sood Enterprises CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| STEVEN A. MEDINA, | B333390 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 22STCV06210) |
| v. | |
| SOOD ENTERPRISES, INC., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel M. Crowley, Judge.  Reversed and remanded with directions.

Fisher & Phillips, Alden J. Parker and Gregory L. Blueford for Defendant and Appellant.

Clarkson Law Firm, Glenn A. Danas, Ashley M. Boulton, Katelyn M. Leeviraphan; James Hawkins, James R. Hawkins, Gregory Mauro, and Michael Calvo for Plaintiff and Respondent.

————————————

Sood Enterprises, Inc. (Sood) appeals an order denying its motion to compel arbitration and to dismiss non-individual claims in Steven Medina's action under the Private Attorneys General Act of 2004 (PAGA), Labor Code section 2698 et seq.[1] PAGA authorizes an "aggrieved employee" to act as an agent of the State of California and sue for recovery of civil penalties for Labor Code violations "on behalf of himself or herself and other current or former employees." (§ 2699, former subd. (a) (§ 2699(a)); see *Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104, 1113 (*Adolph*).)[2] In response to Sood's motion, Medina expressly waived the part of his action seeking recovery on his own behalf (i.e., his "individual PAGA claims"), and sought to proceed solely "on behalf of . . . other current or former employees" (i.e., his "non-individual PAGA claims"). In response to this waiver, Sood asserted Medina's action should be dismissed because he could not proceed without an individual PAGA claim. The trial court denied Sood's motion, determining Medina no longer alleged an arbitrable claim under the parties' arbitration agreement and rejecting Sood's request to dismiss the action if it consisted solely of non-individual PAGA claims.

On appeal, Sood argues the trial court erred in allowing Medina to proceed on his action without an individual PAGA claim. We agree and reverse the order denying Sood's motion to

---

[1]     Statutory references are to the Labor Code unless otherwise indicated.

[2]     Section 2699 was amended in 2024, but the amendments generally apply only to actions brought after June 19, 2024. (§ 2699, subd. (v)(1), added by Stats. 2024, ch. 44, § 1.) Because Medina filed his action in 2022, the former version of the statute applies.

compel arbitration.  On remand, the trial court shall provide Medina an opportunity to withdraw the waiver of his individual PAGA claims.  If Medina declines to withdraw his waiver, the court shall dismiss his PAGA action.  If Medina withdraws the waiver, the court shall readdress Sood's motion to compel arbitration.

## FACTUAL AND PROCEDURAL BACKGROUND

Sood, a Los Angeles restaurant franchisee, employed Medina as an hourly employee from October 2020 to May 2021. When Medina was hired, he signed an agreement to arbitrate disputes arising out of his employment.  The agreement provided that disputes "shall be submitted to binding arbitration pursuant to the Federal Arbitration Act using the rules for the resolution of employment disputes of the American Arbitration Association . . . as then in effect."  It also waived the parties' right to arbitrate any disputes in a class or representative fashion, but stated that "[a]ny class action suit that is not subject to this waiver under the law (such as PAGA claims) will still be subject to arbitration under this agreement, to the extent allowable by law."

In February 2022, Medina filed a lawsuit alleging a single cause of action under PAGA seeking civil penalties "on behalf of the general public as private attorney general and all other aggrieved employees" for Labor Code violations regarding overtime wages, rest breaks, termination wages, wage statements, suitable seating, uniforms, and reporting time pay. The complaint alleged "Plaintiff and Aggrieved employees are entitled to penalties to the extent they were not paid at the prevailing wage rate for all hours worked," and "Plaintiff and the Representative Aggrieved Employees are entitled to recover

3

Penalties and attorneys' fees and costs under Labor Code section 2698, et seq." Medina's notice to the Labor and Workforce Development Agency under section 2699.3 indicated the attached complaint was brought by "Medina individually and on behalf of all similarly situated representative aggrieved employees."

In April 2023, Sood moved to compel arbitration of Medina's individual PAGA claims and argued that the remaining non-individual PAGA claims should be dismissed consistent with the United States Supreme Court's decision in *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639 (*Viking River*).

With his opposition, Medina submitted a written declaration averring, "I elect to waive my individual PAGA claims and choose to proceed with the case solely on a PAGA representative basis." Based on this waiver, Medina asserted that Sood's motion was "moot" because it was "legally impossible to compel [him] to arbitration" without the individual PAGA claims. Medina also argued that if he could not waive his individual PAGA claims and was instead required to arbitrate those claims, the rest of the action should not be dismissed in light of the California Supreme Court's recent decision in *Adolph*, *supra*, 14 Cal.5th 1104.

Sood argued in reply that if Medina's waiver were given effect, the action should be dismissed because Medina would no longer have standing under PAGA to represent a class of aggrieved employees. If the waiver were instead not given effect, Sood agreed with Medina that, consistent with *Adolph*, the court should stay Medina's non-individual PAGA claims while the individual PAGA claims proceeded to arbitration.

The trial court denied Sood's motion. The court agreed with Medina's position that the motion was moot in light of

4

Medina's waiver of his individual PAGA claims. The court also declined to dismiss Medina's action, rejecting Sood's argument that a PAGA action requires an individual PAGA claim.

Sood timely appealed.

## DISCUSSION

Sood argues the trial court erred in denying Sood's motion to compel arbitration and, specifically, its revised request to dismiss the entire action given Medina's waiver of his individual PAGA claims. Sood contends that a PAGA action must include an individual claim based on Labor Code violations the plaintiff personally suffered. Thus, according to Sood, Medina's waiver of his individual PAGA claims fatally undermined his action because he could not proceed solely on claims based on violations suffered by other employees. Medina disagrees with Sood's position and contends the court properly denied Sood's motion in light of his waiver of his individual PAGA claims.[3]

Where, as here, the trial court's denial of a motion to compel arbitration rests on questions of law, including questions of statutory interpretation and application of that law to undisputed facts, our review is de novo. (*Kader v. Southern California Medical Center, Inc.* (2024) 99 Cal.App.5th 214, 221.)

A.    *PAGA Overview*
The Legislature enacted PAGA in response to "widespread violations of the Labor Code and significant underenforcement of

---

[3]    Medina has never contested the validity of the parties' arbitration agreement or its applicability to his individual PAGA claims.

5

those laws." (*Adolph*, *supra*, 14 Cal.5th at p. 1116.)  To address those problems, PAGA established new civil penalties for Labor Code violations and authorized individuals, acting as private attorneys general, to recover those penalties.  (*Ibid.*) "Specifically, PAGA authorizes 'an aggrieved employee,' acting as a proxy or agent of the state Labor and Workforce Development Agency . . . , to bring a civil action against an employer 'on behalf of himself or herself and other current or former employees' to recover civil penalties for Labor Code violations they have sustained."  (*Id.* at p. 1113, quoting § 2699(a).)  To have standing to bring a PAGA action, an individual must be an "aggrieved employee."  (*Adolph*, at pp. 1116, 1120-1121; see § 2699, former subds. (a), (c).)  At the time relevant here, PAGA defined an "aggrieved employee" as someone who was "employed by the alleged violator" and suffered "one or more of the alleged violations."  (§ 2699, former subd. (c); *Adolph*, at p. 1116.)

Because a PAGA plaintiff is acting as the state's " ' "proxy or agent" ' " in bringing suit, every PAGA action is inherently a " ' "representative" ' " action.  (*ZB, N.A. v. Superior Court* (2019) 8 Cal.5th 175, 185; accord, *Kim v. Reins International California, Inc.* (2020) 9 Cal.5th 73, 87 (*Kim*) ["Plaintiffs may bring a PAGA claim *only* as the state's designated proxy, suing on behalf of *all* affected employees."].)  When a PAGA plaintiff succeeds, the state receives a majority of the recovered penalties, with the aggrieved employees receiving a smaller share.  (§ 2699, former subd. (i); see also *Adolph*, *supra*, 14 Cal.5th at p. 1116 ["Penalties recovered are dedicated largely 'to public use . . . instead of being awarded entirely to a private plaintiff.' "].)

Within any PAGA action, the plaintiff also acts in a second representative capacity.  Namely, in addition to seeking to

recover civil penalties for Labor Code violations that the plaintiff individually suffered (i.e., individual PAGA claims), a PAGA plaintiff also sues to recover penalties for Labor Code violations sustained by *other* current or former aggrieved employees (i.e., non-individual PAGA claims).[4]  (See *Adolph*, *supra*, 14 Cal.5th at p. 1122; *Estrada v. Royalty Carpet Mills, Inc.* (2024) 15 Cal.5th 582, 599; *Leeper v. Shipt, Inc.* (2024) 107 Cal.App.5th 1001, 1007-1008 (*Leeper*), review granted Apr. 16, 2025, S289305 ["A PAGA plaintiff is acting in a representative capacity in another way as well:  By asserting a PAGA claim based on violations that employees other than the plaintiff have suffered."].)

B.      *Unambiguous Statutory Language Provides That a PAGA Action Must Include an Individual PAGA Claim*

The parties' primary dispute is whether a plaintiff suing under PAGA may forgo his individual PAGA claims and seek relief solely for Labor Code violations suffered by other aggrieved employees.  The answer to this question is found in the language of PAGA.  When interpreting statutes, " '[o]ur fundamental task is to ascertain the Legislature's intent and effectuate the law's purpose, giving the statutory language its plain and commonsense meaning.' "  (*Stone v. Alameda Health System*

---

[4]      "PAGA's unique features have prompted the development of an entire vocabulary unique to the statute, but . . . [a]n unfortunate feature of this lexicon is that it tends to use the word 'representative' in two distinct ways."  (*Viking River*, *supra*, 596 U.S. at p. 648.)  The dual meaning of "representative" in PAGA lexicon has "hindered . . . the analysis of the legal issues and the establishment of clear precedent."  (*Galarsa v. Dolgen California, LLC* (2023) 88 Cal.App.5th 639, 647.)

7

(2024) 16 Cal.5th 1040, 1052; accord, *Niedermeier v. FCA US LLC* (2024) 15 Cal.5th 792, 804 [in "all cases of statutory interpretation, '[w]e first examine the statutory language, giving it a plain and commonsense meaning' "].)  "If the language is clear, ' "its plain meaning controls." ' " (*Stone*, at p. 1052.)

In relevant part, section 2699(a) provides that an action under PAGA shall be "a civil action brought by an aggrieved employee on behalf of himself or herself *and* other current or former employees."  (Italics added.)  Division One of this court recently interpreted the nearly identical language of the current version of this provision[5] in *Leeper, supra*, 107 Cal.App.5th at pages 1008-1009, review granted.[6]  The court explained that "the unambiguous and ordinary meaning of the word 'and' is conjunctive, not disjunctive." (*Id.* at p. 1009; accord, *In re C.H.* (2011) 53 Cal.4th 94, 101-102 ["The ordinary and usual usage of 'and' is as a conjunctive, meaning ' "an additional thing," ' 'also' or 'plus.' "].)  As a result, an action under PAGA must contain "*both* an individual claim component (plaintiff's action on behalf of the plaintiff himself or herself) *and* a representative [claim] component (plaintiff's action on behalf of other aggrieved

---

[5]     This portion of the statute now provides that an action under PAGA shall be "a civil action brought by an aggrieved employee on behalf of *the employee* and other current or former employees."  (§ 2699, subd. (a), italics added.)

[6]     The Supreme Court ordered review of *Leeper* on its own motion, with one of the presented issues being whether a PAGA action may be maintained with only non-individual PAGA claims. (*Leeper*, review granted Apr. 16, 2025, S289305.)  While we await the Supreme Court's guidance on that issue, we find our Division One colleagues' reasoning in *Leeper* persuasive.

8

employees).” (*Leeper*, at p. 1009; accord, *Williams v. Alacrity Solutions Group, LLC* (2025) 110 Cal.App.5th 932, 942-943, review granted July 9, 2025, S291199 [“the use of the word ‘and’ means that a viable PAGA action must always contain ‘*both* an individual claim component . . . *and* a representative [claim] component’ ”].)

To reach a contrary conclusion, we would need to read the word “and” to mean “and/or” or ignore the words “himself or herself and.” (See *Leeper*, 107 Cal.App.5th at pp. 1009-1010, review granted.) But “ ‘ “ ‘ “[w]here the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history.” ’ ” ’ ” (*Adolph, supra*, 14 Cal.5th at pp. 1126-1127; see also *Plantier v. Ramona Municipal Water Dist.* (2019) 7 Cal.5th 372, 386 [“Interpretations that render statutory language meaningless are to be avoided.”].)

The court in *Leeper* traced the legislative history of section 2699 and determined it “reflects that the Legislature deliberately chose the word ‘and’ and rejected the word ‘or’ in the statutory description of a PAGA action as ‘a civil action . . . on behalf of [the plaintiff] *and* other current or former employees.” (§ 2699, subd. (a), italics added.) “Namely, the version of section 2699 in the originally proposed Senate bill used the phrase ‘a civil action . . . on behalf of himself or herself *or* other current or former employees.’ (Assem. Com. on Judiciary, Analysis of Sen. Bill No. 796 (2003–2004 Reg. Sess.) as amended May 12, 2003, p. 8, italics added.) In an ‘author’s technical amendment’ to the initially proposed bill, ‘in order to clarify the intent of the bill and correct drafting errors,’ the author replaced the word ‘or’ with the word ‘and.’ (*Ibid.*, capitalization omitted.)

9

The Legislature accepted this change without opposition, and it is reflected in the final version of the statute." (*Leeper*, *supra*, 107 Cal.App.5th at p. 1010, review granted.) This statutory history thus suggests the use of the word "and" instead of "or" was very much intentional. (Cf. *In re C.H.*, *supra*, 53 Cal.4th at pp. 102-103 ["courts will sometimes substitute 'or' for 'and,' and vice versa, *when necessary to accomplish the evident intent of the statute*, but doing so is an exceptional rule of construction" (italics added)].) Thus, both the plain language and the legislative history of section 2699(a) support the conclusion that a PAGA action must include an individual PAGA claim.[7]

Medina asserts that, regardless of the statutory language, a PAGA action may be maintained without individual PAGA claims so long as the plaintiff has standing as an "aggrieved employee." Medina conflates the requirements for PAGA standing and the requisite elements of a PAGA action. As noted, to maintain a PAGA action, one need only be an "aggrieved employee," i.e., someone who was employed by the Labor Code violator and suffered at least one Labor Code violation. (§ 2699, former subd. (c).) But even with standing, every PAGA action must consist of "a civil action brought by an aggrieved employee

---

[7] The Fifth District recently came to the opposite conclusion based on an alternative interpretation of section 2699(a) that turned on finding the word "and" to be ambiguous. (See *CRST Expedited, Inc. v. Superior Court of Fresno County* (2025) 112 Cal.App.5th 872, 882-883, 911, fn. 20, petn. for review pending, petn. filed July 17, 2025.) Medina did not raise the possibility of such ambiguity in his brief or during his oral argument. Regardless, we find *Leeper* more persuasive than *CRST Expedited* because we do not read the word "and" to be ambiguous in this context.

*on behalf of himself or herself and other current or former employees.*" (§ 2699(a), italics added.) To pursue a viable PAGA action, a plaintiff must meet these elements *in addition to* satisfying the standing requirements. In other words, just as a PAGA action may not be maintained by someone who is not an aggrieved employee, so too may it not be maintained by an aggrieved employee only on behalf of other employees.

The cases on which Medina relies, concerning whether a plaintiff has standing as an "aggrieved employee" to maintain a PAGA action, are distinguishable. For instance, in *Kim, supra,* 9 Cal.5th at page 82, the plaintiff settled individual non-PAGA claims for damages for Labor Code violations while proceedings on his PAGA action were stayed. The Supreme Court rejected the employer's argument that, after the settlement, the plaintiff's standing to resume proceedings on the PAGA action "somehow ended." (*Id.* at p. 84.) Rather, the court explained, the settlement of his non-PAGA claims did not disturb his status as an "aggrieved employee" with standing to pursue civil penalties under PAGA. (*Id.* at pp. 84-86; see also § 2699, former subd. (g)(1) [employees may pursue or recover other remedies "either separately or concurrently with" a PAGA action].) There is no suggestion the plaintiff in *Kim* was pursuing a PAGA action only on behalf of other employees, and "*Kim* neither had occasion to interpret, nor did it interpret, section 2699, subdivision (a) defining what a PAGA action necessarily includes." (*Leeper, supra,* 107 Cal.App.5th at p. 1011, review granted.)

After *Kim,* in 2022, the United States Supreme Court held that the Federal Arbitration Act preempted California law to the extent it precluded splitting a PAGA action into individual and non-individual PAGA claims for purposes of arbitration

11

agreements covered by the Federal Arbitration Act. (*Viking River*, *supra*, 596 U.S. at p. 662; see *Adolph*, *supra*, 14 Cal.5th at p. 1119 ["*Viking River* requires enforcement of agreements to arbitrate a PAGA plaintiff's individual claims if the agreement is covered by the" Federal Arbitration Act].) A year later, in *Adolph*, the California Supreme Court rejected the United States Supreme Court's further conclusion in *Viking River* that when an individual PAGA claim has been compelled to arbitration, any non-individual PAGA claims must be dismissed because the plaintiff lacks statutory standing to proceed on those claims. (*Adolph*, at pp. 1119-1123, citing *Viking River*, at pp. 662-663.) The *Adolph* court explained that compelled arbitration of individual PAGA claims does not disturb a plaintiff's status as an "aggrieved employee" with standing to pursue the non-individual PAGA claims in court on behalf of other employees. (*Adolph*, at pp. 1114, 1120-1121.) But *Adolph* did not address and does not stand for the proposition that a PAGA plaintiff may forego his or her individual PAGA claims. (See *id.* at p. 1125 ["PAGA was designed to authorize aggrieved employees to pursue enforcement actions on behalf of themselves *and* their current and former coworkers" (italics added)]).

Medina contends that *Balderas v. Fresh Start Harvesting, Inc.* (2024) 101 Cal.App.5th 533, 537-538 (*Balderas*) "expressly held that a PAGA plaintiff need not maintain an individual claim to seek civil penalties on behalf of other aggrieved employees." In *Balderas*, the trial court had struck the complaint on the basis that, under *Viking River*, the plaintiff "lacked standing to pursue a 'non-individual' or representative PAGA action on behalf of other employees" because "she had not filed an individual action seeking PAGA relief for herself." (*Balderas*, at pp. 536, 538.) The

appellate court reversed in light of *Adolph*, explaining the plaintiff had met the requirements for PAGA standing by pleading she was an "aggrieved employee." (*Balderas*, at pp. 538-539.) Although the court also stated, in its discussion of PAGA standing, that "[t]he inability for an employee to pursue an individual PAGA claim does not prevent that employee from filing a representative PAGA action" (*id.* at p. 537), the case did not involve those circumstances. Rather, the plaintiff in *Balderas* had alleged she was proceeding under PAGA "on behalf of the State of California for all aggrieved employees, *including herself* and other aggrieved employees." (*Id.* at p. 536, italics added.) Moreover, the court ultimately held that "an employee who does not bring an individual claim against her employer may nevertheless bring a PAGA action *for herself* and other employees of the company." (*Ibid.*, italics added.)

We agree with *Leeper*'s observation that "*Balderas* did not have occasion to discuss, did not discuss, and its holding does not address, whether a plaintiff may carve out an individual PAGA claim from a PAGA action." (*Leeper*, *supra*, 107 Cal.App.5th at p. 1012, review granted.) *Balderas* instead focused solely on PAGA standing. *Balderas* did not address the meaning or effect of section 2699(a) in determining whether a PAGA plaintiff may pursue non-individual PAGA claims only. Rather, in context, *Balderas* may be reasonably interpreted as merely standing for the proposition that a plaintiff may forego individual *non*-PAGA claims for damages for Labor Code violations and yet still have standing to bring a PAGA action on behalf of herself and other aggrieved employees.

The same is true for *Johnson v. Maxim Healthcare Services, Inc.* (2021) 66 Cal.App.5th 924 (*Johnson*).) There, the court

13

rejected an argument that the plaintiff lacked PAGA standing because her own Labor Code injuries—arising from a noncompete agreement she was required to sign three years earlier—occurred outside the applicable statute of limitations. (*Id.* at p. 929.) In so doing, the court noted the plaintiff acted "during the applicable statute of limitations" because she "continue[d] to be governed by the terms of the Agreement" as a current employee. (*Id.* at p. 932.) But it also concluded that "an employee[ ] whose individual claim is time-barred, may still pursue a representative claim under PAGA," emphasizing that any untimeliness of the plaintiff's individual PAGA claim did not disturb her status as an "aggrieved employee" with PAGA standing.[8] (*Id.* at pp. 929-930.) In dicta, the court stated that "the fact that [the plaintiff's] claim is time-barred places her in a similar situation as a plaintiff who settles her individual claims *or dismisses her individual claims to pursue a stand-alone PAGA claim*." (*Id.* at p. 930, italics added.) The plaintiff in *Johnson* was pursuing a PAGA action on behalf of all employees who signed a noncompete agreement, *including* herself. (*Id.* at p. 927.) As a result, the court did not consider the issue of whether a plaintiff may maintain a PAGA action without an individual PAGA claim.

In sum, we agree with Sood that Medina may not "proceed as a 'headless' PAGA representative." Rather, the language of section 2699(a) unambiguously provides that a PAGA action must include an individual PAGA claim, along with any non-

---

[8] *Williams v. Alacrity Solutions Group, LLC, supra,* 110 Cal.App.5th at pages 937, 944-945, review granted, recently reached the contrary conclusion, holding a plaintiff may not maintain a PAGA action without a timely individual PAGA claim.

individual PAGA claims that may exist.  Thus, the trial court should have determined Medina could not proceed with his PAGA action if he waived his individual PAGA claims.[9]

## DISPOSITION

The order denying Sood's motion to compel arbitration is reversed, and the matter is remanded.  On remand, the trial court shall afford Medina the opportunity to withdraw the waiver of his individual PAGA claims.  If Medina declines to withdraw his waiver, the court shall dismiss his PAGA action in its entirety.  If Medina withdraws the waiver, the court shall

---

[9]     Given the procedural posture here, we need not address the split in authority regarding whether every PAGA action necessarily includes an individual PAGA claim, regardless of the specific allegations in the complaint.  (Compare *Leeper*, *supra*, 107 Cal.App.5th at pp. 1008, 1012, review granted ["any PAGA action necessarily includes . . . an individual PAGA claim"] with *Rodriguez v. Packers Sanitation Services LTD., LLC* (2025) 109 Cal.App.5th 69, 78-80, review granted May 14, 2025, S290182 ["[E]ven if we were to agree with *Leeper*'s [statutory] interpretation . . . just because a PAGA action *must* include an individual PAGA claim does not mean any particular complaint brought under the auspices of PAGA *does* contain one.  It means that a PAGA complaint *should* contain an individual PAGA claim, not that it *does*."].)  The Supreme Court has requested the parties brief and argue this question in its review of *Leeper*. *Rodriguez* explicitly declined to reach the question of whether a plaintiff can file a complaint that asserts only non-individual PAGA claims.  (*Rodriguez*, at p. 78.)

15

readdress (consistent with this opinion) Sood's motion to compel arbitration of Medina's individual PAGA claims.  Sood is entitled to its costs on appeal.


                                        STONE, J.

We concur:


        MARTINEZ, P. J.


        SEGAL, J.